UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
99 JUL 15 PM 4:20
U.S. DIST. CT COURT
N.D. OF ALABAMA

JAMES KENNETH BATES, )
)
    Plaintiff, )
)
vs. ) Civil Action No. CV-99-S-1122-NE
)
SOLUTIA, INC.; and MONSANTO )
COMPANY, )
)
    Defendants. )
)

ENTERED
JUL 16 1999

## MEMORANDUM OPINION

This action is before the court on the motion to dismiss and motion to strike demand for jury filed by defendants. Upon review of the pleadings and subject motions, the court is of the opinion that both motions are due to granted.

Plaintiff is a former employee of defendant Monsanto Company. Plaintiff filed suit in the Circuit Court for Lawrence County, Alabama, on February 1, 1999, alleging defendants fraudulently represented his potential future retirement benefits. Plaintiff alleges defendants fraudulently induced him to retire before enhanced retirement incentive packages were offered, thereby causing him to lose substantial income and suffer mental anguish.

Defendants removed the action to this court on May 5, 1999, pursuant to 28 U.S.C. § 1441. Subject matter jurisdiction was based upon both diversity of citizenship, 28 U.S.C. § 1332, and

federal question jurisdiction, 28 U.S.C. § 1331. Defendants contend the employee pension benefit plan at issue is a plan under the terms of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Defendants further contend that plaintiff claims an entitlement to benefits allegedly wrongfully denied to him. According to defendants, therefore, plaintiff's complaint arises under ERISA, 29 U.S.C. § 1132.[1]

In their motion to dismiss, defendants argue that the only proper action for such pension benefits exists under ERISA § 502, 29 U.S.C. § 1132(a). Defendants contend plaintiff's state law claims are preempted by ERISA § 514, 29 U.S.C. § 1144(a),[2] and accordingly should be dismissed.

---

[1] 29 U.S.C. § 1132 provides in pertinent part:

(a) **Persons empowered to bring a civil action**
A civil action may be brought —
  (1) by a participant or beneficiary —
    (A) for the relief provided for in subsection (c) of this section, or
    (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan ...

[2] 29 U.S.C. § 1144(a) reads as follows:

(a) **Supersedure; effective date**
Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

It is well settled that ERISA expressly preempts most state laws dealing with, and relating to ERISA plans. In *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 62-63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987), the Supreme Court said that "a suit by a beneficiary to recover benefits from a covered plan ... falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes." The *Taylor* Court also said that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63, 107 S.Ct. 1546. Such preemption is referred to as "complete," or "super" preemption.

Complete preemption, for purposes of removal jurisdiction, displaces state law claims and allows a defendant to remove to federal court those actions that contain such claims, creating an exception to the well-pleaded complaint rule. Complete preemption, however, is not an issue before this court.

A second type of preemption, which the Eleventh Circuit refers to as "defensive preemption," controls the issues before this court. This type of preemption was discussed in a recent Eleventh Circuit opinion, *Butero v. Royal Maccabees Life Insurance Company*,

3

174 F.3d 1207 (11th Cir. 1999). The Eleventh Circuit found defensive preemption originates in 29 U.S.C. § 1144(a) of ERISA. This type of preemption, unlike "complete preemption," does not provide federal subject-matter jurisdiction under 28 U.S.C. § 1331. State-law claims subject to defensive preemption must be dismissed.

Pursuant to the language of 29 U.S.C. § 1144(a), defensive preemption applies to state-law causes of action that "relate to" an ERISA plan. *Butero*, 174 F.3d at 1215. The issue in this case, then, is whether plaintiff's claims for misrepresentation and fraudulent inducement "relate to" an ERISA plan. "A law relates to an employee benefit plan when the law has a connection with or reference to such a plan." *Sanson v. General Motors Corporation*, 966 F.2d 618, 621 (11th Cir. 1992) (internal quotations omitted).

Plaintiff's complaint, although purportedly asserting only state-law causes of action, nevertheless relates to an ERISA plan for several reasons. First, this suit arose because plaintiff claims to have been wrongfully denied enhanced retirement benefits by defendants. Second, plaintiff is essentially challenging the representations made pertaining to his potential retirement benefits. Plaintiff's damages, therefore, would be the amount of benefits he would have received under the enhanced retirement

4

package. A relationship, therefore, exists between this lawsuit and the enhanced retirement benefits. Accordingly, plaintiff's state-law claims are defensively preempted by 29 U.S.C. § 1144(a) and are due to be dismissed.

It is also well settled that relief under ERISA is limited to equitable remedies. *See Broaddus v. Florida Power Corporation*, 145 F.3d 1283, 1287 n** (11th Cir. 1998) (citing *Chilton v. Savannah Foods & Industries, Inc.*, 814 F.2d 620, 623 (11th Cir. 1987)). Defendants' motion to strike plaintiff's demand for trial by jury, therefore, also is due to be granted.

An appropriate order consistent with this memorandum opinion will be issued contemporaneously herewith.

**DONE** this 15th day of July, 1999.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　United States District Judge